*Orphans' Court, Dauphin County, April 9th, 1866.*

IN THE MATTER OF HAWKINS'S ESTATE.

A testator devised the occupancy of his real estate to his widow during life or widowhood, and upon her death or marriage, to his adopted daughter in fee. The widow refused to take under the will, and claimed her dower. The land was sold for the payment of debts.

*Held,* That upon the refusal of the widow to take, and demanding her dower, the balance of the interest of the fund, after paying to the widow her third, must be given to the daughter.

Hawkins's Estate, 1 Pearson, 444, qualified.

BY THE COURT.—On the 28th day of November, 1864, a decree of this court was made disposing of the money belonging to the estate of Richard Hawkins, deceased, which is to be treated as land, being the proceeds of a sale of his real property left after paying debts.

Immediately after the decree, an application was made for a rehearing, since which the case has been twice argued. After the most careful consideration, I am satisfied that there is an error in the order disposing of the property. That mistake of the court we believe can lawfully be corrected by ourselves, by opening the decree, and making a new one in conformity with our present opinion of the law of the case.

There is clearly no error in that portion of the opinion assigning dower to Sarah Hawkins, and fixing the amount thereof, but it is contended that Sarah, as widow of Richard, is entitled to receive the residue of the fund during her lifetime or widowhood, under the 10th section of the act of April 8th, 1833, relating to intestates. That so far as relates to this portion of the estate, her husband died intestate, as Mary P. Hawkins, the adopted daughter, cannot take until the event named in the will transpires. It was most clearly not the intention of Richard Hawkins to die intestate as to any portion of the estate; he disposed of the whole of it by will. Mary P. Hawkins must still claim through that will, and we cannot countenance the widow in claiming under the intestate laws merely to avoid the provision against a second marriage. She has a right to refuse to take under the will, and claim her distributive share under the intestate law, given in lieu of dower, but then she cannot against the plain provisions of the will, claim the residue as an intestacy. It is claiming an inconsistent right; she may repudiate her rights under the will, but that will not destroy the instrument so as to bring it within the intestate law. We still think as before, that the widow obtained all by our decree to which she was entitled. There is, in our opinion, an error in ordering the share given to Mary P. Hawkins to accumulate in the hands of her guardian.

[In the Matter of Hawkins's Estate.]

We could, with equal propriety, have ordered it to be paid to her presently. The accumulation is for her own benefit, and there is no other person entitled to take. It, therefore, does not come within the principle of Knepley's Appeal (5 H. 19), by which we were governed in making the decree. Manifestly Richard Hawkins intended to dispose of his whole estate between his widow and adopted daughter; they were the sole objects of his bounty. He suspended the gift in fee to his daughter in order to enable the widow to enjoy during life, or widowhood; she declined to take the gift under the will—renounced. What then is to hinder the daughter from taking immediately? There is no other person interested. The estate cannot lapse through the action of the widow. The fund is to go to the two, and as the one refuses to receive, the other should enjoy it at once. This will best effectuate the intention of the testator, which should always be the guide in construing wills, or disposing of property under them. We have warrant for such a course in Brown and Sterrett's Appeal (3 Casey, 62). It is true there was a constructive trustee raised by law on the widow renouncing; there was none appointed by the will, but the executor was directed to sell on her death and divide the proceeds among the children. On her renunciation, says the learned judge, the less estate given to the widow merged in the greater one given to the executor, and he was enabled to sell presently—was not obliged to wait for the widow's death. It is true we have no trustee here to support the remainder and receive the estate on the tenant for life declining to take, but we have the vested remainder in fee in the daughter, who is only postponed in the enjoyment for the benefit of the widow; she declining the benefit, there is no other interest in the way of the heir in fee taking at once; the interest for life in the widow merged in the greater estate of the daughter. It is true certain events were to transpire before the estate descended, but the immediate descent was postponed in favor of one who declines the benefit; it then goes to the devisee over presently. Mary P. Hawkins is entitled to receive her estate now, there is no other interest in her way, and we must award it to her.

An order must therefore be made rescinding so much of the former decree as required the fund to accumulate until the death or marriage of Sarah Hawkins, and the same must be paid into the hands of the guardian of Mary P. Hawkins for her present use, to be expended as other money in the hands of a guardian for the use of the ward.